**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TRACY RHINE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-918-GPM |
| ) | |
| LT. HUTCHCRAFT ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case comes before the Court on a motion to dismiss filed by Defendant Lt. Hutchcraft (Doc. 12). Plaintiff has never filed a response in opposition to Defendant's motion to dismiss. This case began as a lawsuit against numerous Defendants (Doc. 1). After screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court severed this claim against Lt. Hutchcraft and opened a new case (Doc. 1).

Defendant asserts two reasons why this case should be dismissed. First, Defendant has not been personally served with process in this case. Second, Defendant argues that Plaintiff has failed to sign the complaint pursuant to Federal Rule of Civil Procedure 11. Each of Defendant's assertions is correct and for the following reasons, Defendant's motion to dismiss (Doc. 12) is **GRANTED**.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made

within a specified time."  Here, well over 120 days have elapsed since Plaintiff filed this case.  In fact, more than 120 days have elapsed since this case cleared threshold review.  The most recent service related document on file – Document 19 – shows a return of service on an individual named Tim Vaught, Captain.  Mr. Vaught is not a named party in this case.  Accordingly, Plaintiff's failure to personally serve Defendant here has landed him squarely within Rule 4(m).

As previously noted, a failure to comply with Rule 4(m) is not the only issue here.  Plaintiff has also neglected to comply with Federal Rule of Civil Procedure 11.  Under Federal Rule of Civil Procedure 11(a) "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."  Here, Plaintiff has failed to sign the operative complaint.  This error was called to Plaintiff's attention on January 14, 2013, by Defendant's motion to dismiss.  However, Plaintiff has failed to take any action in an attempt to cure this deficiency.  Accordingly, the Court **ORDERS** Plaintiff's complaint (Doc. 2) **STRICKEN** from the record and this matter **DISMISSED without prejudice**.  Defendant's motion to stay (Doc. 20) is **DENIED** as **MOOT**.  The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: May 13, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge